IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 13-145-M |
| RONALD SELLS | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

**I.     Introduction**

RONALD SELLS is the local President of the Outlaws Motorcycle Gang, a notorious and violent criminal organization. SELLS has a prior conviction for second degree murder. SELLS is now actively involved in distributing large quantities of methamphetamine with other members of his gang. On January 17, 2013, SELLS gave an FBI confidential informant two pounds of methamphetamine to distribute. As a result of this conduct, pursuant to 18 U.S.C. § 3142)(e)(3)(B), there is a presumption that SELLS should be detained pending trial. Because no condition or combination of conditions will reasonably the appearance of the defendant at trial assure the safety of the community, the government moves pursuant to 18 U.S.C. § 3142 for pretrial detention of the defendant.

**II.     Discussion**

   **A.     Evidence**

RONALD SELLS is the local President of the Outlaws Motorcycle Gang. Unbeknownst to SELLS, the FBI managed to infiltrate this gang through the use of a confidential informant (hereinafter CI #1) who pretending to be a prospective member of the club with connections to methamphetamine traffickers. On January 17, 2013, SELLS met with CI #1 and gave him

approximately two pounds of methamphetamine to distribute. SELLS instructed the CI #1, "we need money. We gotta get with your guy and move this stuff." Based on these comments, CI #1 agreed to store and then sell the drugs for SELLS. CI #1 then turned that methamphetamine over to the FBI. A field test determined that the substance was in fact methamphetamine and weighed approximately 800 grams.

Since that time, CI #1 and SELLS have been in phone contact on multiple occasions to discuss the potential sale of this methamphetamine. CI #1 has also been in phone contact with other members of the Outlaws relating to distributing these drugs as well. These phone conversations have been recorded by the FBI. For example, on January 18, 2013, CI #1 told SELLS that CI #1 was in New York City and had a potential buyer who was interested in purchasing two to four ounces of "the stuff." CI #1 asked SELLS how much he would be willing to sell an ounce for, and SELLS said he would take "18" but wanted "20." This meant SELLS would accept $1,800 for an ounce but preferred $2,000 for an ounce. SELLS explained the profit for the sale would be $100 for both SELLS and CI #1. Later on January 18, 2013, CI #1 asked SELLS what price could be charged for all the drugs. SELLS said he wanted $49,000, and he would take no less than "48." This meant SELLS would accept no amount lower than $48,000 for all the drugs.

On January 30, 2013, at approximately 9:30 pm, CI #1 called and spoke with SELLS. CI #1 said he had SELLS'S money and he wanted to meet SELLS in Philadelphia to return that money. CI #1 told SELLS he only wanted to deal with SELLS because he did not trust anyone else. SELLS initially refused, but later acquiesced, to a meeting in Philadelphia on January 31, 2013. On January 31, 2013, at approximately 10:20 am, CI #1 called SELLS and reported he

was in a parking lot on the 3300 block of Aramingo Avenue, Philadelphia, PA.  CI #1 told SELLS to meet him there, and SELLS asked CI #1 for directions to that lot.  SELLS arrived in the lot at approximately 10:30 am.  SELLS arrived alone in a black pick-up truck with Maryland license plates.  CI #1 and SELLS spoke - outside their vehicles - about the events of the preceding days.  During their conversation, which was recorded by the FBI, SELLS said that he had to lay out $12,000 to purchase the drugs from an unnamed person, and SELLS later gave those drugs to CI #1 to sell.

After SELLS was arrested, other member of the Outlaws began to threaten CI #1.  On January 30, 2013 at 1:22 p.m., an Outlaws member working under SELLS left a message for CI #1 which stated:

> "Hello . . .  hello . . . hello.  Now I don't got time for games, man.  You want your bikes back, you need to come up with my money.  Can't get ahold of Bugs [RONALD SELLS].  Guess I have to start taking people apart, that's all.  See you around."

Later that afternoon, at 3:50 p.m., another Outlaws member or associate left the following message for CI #1:

> "You can believe one thing.  You can fuck with me all you want to but motherfucker, trust me, your whole family is in danger.  Fuck you."

At 8:04 p.m., an Outlaws member left the following message for CI #1:

> "23 [Street Name].  4 [Street Name].  I'll have the address for your son's house in Florida this week.  I got the tag numbers, I got your bike, I got your trailer.  I want my money.  Your whole family is going to be in danger if not.  You need to pick up the fucking phone.  You're supposed to meet Bugs [RONALD SELLS] today, now he's not answering the phone either.  As far as I'm concerned, both you all in the same boat."

The addresses left on this phone were what this Outlaws member believed to be addresses

for CI #1's relatives - a clear threat to CI #1 and/or his family.

    **B.**     **Maximum Penalties**

SELLS is presently charged in a Criminal Complaint with possession with the intent to distribute the 800 grams of methamphetamine. The maximum punishment for this offense is life in prison and there is a 10 year mandatory minimum period of incarceration. When this case is indicted, additional charges are likely. The base offense level for the 800 grams of methamphetamine is a level 36. As President of the Outlaws Motorcycle Gang, SELLS will undoubtedly receive a 4 level enhancement for role in the offense. He may receive an enhancement for obstruction of justice. With all of these enhancements, the recommended guidelines sentence would be 360 months to life in prison. Regardless, as a 56 year old man, he is realistically looking at spending the rest of his life in prison.

    **C.**     **Criminal Record**

Based upon his NCIC report, SELLS was arrested for first degree murder on December 29, 1971 in Canton, Ohio. On April 14, 1972, SELLS was arrested for second degree murder. He was convicted of this offense and sentenced to life in prison. He received parole on October 2, 1978. In 1985, SELLS was convicted of vandalism and sentenced to 6 months in jail.

**III.**     **CONCLUSION**

SELLS is a convicted murderer, the leader of a violent and organized motorcycle gang, and a distributor of large quantities of methamphetamine. If convicted, he faces a virtual life sentence. Moreover, member of his gang have threatened the life of the FBI informant and his

family.  For these reasons, the government respectfully submits that its Motion for Defendant's Pretrial Detention should be granted.

                                          Respectfully submitted,
                                          ZANE DAVID MEMEGER
                                          United States Attorney

                                          _____/s/_____
                                          ROBERT J. LIVERMORE
                                          Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 13-145-M |
| RONALD SELLS | : | |

**<u>PRETRIAL DETENTION ORDER</u>**

AND NOW, this      day of February 2013, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a) the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b) the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

1. There is probable cause to believe that the defendant has violated 18 U.S.C. § 1951. As a result of this violent offense, pursuant to 18 U.S.C. § 3142(e)(3)(B), there is a presumption that SELLS should be detained pending trial.

2. The evidence in this case is strong. SELLS provided approximately 800

grams of methamphetamine to an FBI confidential informant to distribute. The FBI has a considerable number of recordings between SELLS and the informant discussing this drug transaction.

      3. The total maximum statutory penalty defendant faces is life in prison. There is a 10 year mandatory minimum period of incarceration. The sentencing guidelines, as calculated by the government, recommend a sentence of 360 months to life in prison.

      4. The defendant has a prior conviction for second degree murder.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE HENRY S. PERKIN
United States Magistrate Judge

CERTIFICATE OF SERVICE

I certify that a copy of the Government's Motion for Pretrial Detention, and Proposed Order was served on the following defense counsel:

Susan Lin, Esq.

/s/
ROBERT J. LIVERMORE
Assistant United States Attorney

Date:   February 4, 2013